**O**

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC413470

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARBARA TEITELMAN, an individual, | ) ) | Case No. CV 09-05665 DDP (PJWx) |
| | ) | **ORDER REMANDING CASE TO STATE** |
| Plaintiff, | ) | **COURT** |
| | ) | |
| v. | ) | [Court's Order to Show Cause |
| | ) | filed on August 26, 2009] |
| BUCA, INC., a business | ) | |
| entity, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**I.   BACKGROUND**

This case was originally filed in state court and Defendant
removed on the basis of diversity jurisdiction.  On August 26,
2009, the Court ordered the parties to show cause why this case
should not be dismissed for lack of subject matter jurisdiction.
(Dkt. No. 4.)  The Court noted that it was not clear from
Defendant's removal papers that the amount in controversy exceeded
the $75,000 jurisdictional threshold.  See 28 U.S.C. § 1332(a).
///

1  Defendant has now provided a response to the Court's order.[1]  After

2  reviewing the response, the Court concludes that diversity

3  jurisdiction is lacking, and remands the case to state court.

4  **II.  LEGAL STANDARD**

5       Federal courts strictly construe the removal statute against

6  removal jurisdiction.  <u>Luther v. Countrywide Home Loans Servicing,</u>

7  <u>LP</u>, 533 F.3d 1031, 1034 (9th Cir. 2008)(citing <u>Gaus v. Miles, Inc.</u>,

8  980 F.2d 564, 566 (9th Cir. 1992)).  A defendant bears the burden

9  of establishing that removal is proper, and federal jurisdiction

10  "must be rejected if there is any doubt as to the right of removal

11  in the first instance."  <u>Gaus</u>, 980 F.2d at 566.

12       In <u>Sanchez v. Monumental Life Insurance Co.</u>, 102 F.3d 398, 404

13  (9th Cir. 1996), the Ninth Circuit held that when it is not evident

14  from the face of a complaint that the amount in controversy exceeds

15  the jurisdictional threshold, the removing party must prove, by a

16  preponderance of the evidence, that the threshold has been met.

17  Accordingly, a removing defendant must put forth evidence

18  establishing that it is "more likely than not" that the amount in

19  controversy exceeds $75,000.  <u>Id.</u>

20  **III. DISCUSSION**

21       Defendant has not established, by a preponderance of the

22  evidence, that the amount in controversy in this case exceeds

23  $75,000.  Defendant's response to the Court's OSC provides no

24  specific information regarding Plaintiff's claims.  It does not,

25  for example, attempt to quantify the amount of backpay and lost

26

27  ───────────────

28       [1]   Plaintiff did not respond to the Court's Order to Show
    Cause.

                                    2

1  future earnings Plaintiff would be entitled to if she were to

2  prevail on her state law claims.

3      Instead, Defendant offers a vague and conclusory appraisal of

4  the economic and non-economic damages that Plaintiff seeks.

5  Defendant's response to the Court's OSC cites to four cases

6  involving race and age discrimination claims where a jury awarded

7  the plaintiff more than $75,000 in damages, but makes no effort to

8  explain whether the facts of those cases resemble the facts alleged

9  in this matter.  In sum, Defendant has not carried its burden of

10 establishing that it is "more likely than not" that the amount in

11 controversy exceeds $75,000.  <u>Sanchez</u>, 102 F.3d at 404.

12 **IV.   CONCLUSION**

13     For the reasons set forth above, the case is remanded to state

14 court.

15

16 IT IS SO ORDERED.

17

18

19 Dated: September 18, 2009

20                                      DEAN D. PREGERSON
                                       United States District Judge

21

22

23

24

25

26

27

28